DICKINSON v. MATHESON MOTOR CAR CO.

(Circuit Court of Appeals, Third Circuit. July 1, 1909.)

No. 11.

CORPORATIONS (§ 30*)—PROMOTER'S CONTRACT—RATIFICATION—QUESTION FOR JURY.

G., who was the owner of certain patent rights, agreed that plaintiff should receive 25 per cent. of the actual stock of any company which should be organized to exploit or purchase the patents. Defendant company was thereafter organized, partly through plaintiff's endeavors, and purchased the patent right from G. *Held*, that defendant's acceptance of the benefit of whatever value was contributed' by plaintiff's services did not constitute such a ratification of the understanding between plaintiff and G. as would warrant a submission of the question of defendant's liability to plaintiff thereon to the jury.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 30.*]

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

For opinion below, see 161 Fed. 874.

John J. Lordan, John M. Coleman, and Ralph W. Rymer, for plaintiff in error.

John D. Coons and Willard, Warren & Knapp, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Dickinson, the plaintiff, recovered a verdict against the Matheson Motor Car Company, the defendant, for breach of an alleged contract to convey to him certain shares of its capital stock. The contract was

said to have been made with the Matheson Motor Car Company, Limited, a limited partnership of the state of Michigan, the business of which was subsequently taken over by the defendant. It seems to have been assumed and accepted that, if the Michigan company was liable, the defendant should be so held as its successor. On the trial the court below held that under the Michigan statute the contract was ultra vires. Its ruling in that regard is not before us for review. It, however, submitted to the jury the question whether the defendant had enjoyed such fruit from the transaction as to amount to a ratification. The jury, by its verdict for the plaintiff, found such was the case. Subsequently the defendant moved for judgment non obstante veredicto, on the ground that there was no evidence to warrant submission of that question to the jury. In an opinion reported in 161 Fed. 874, the court so held, and to a judgment non obstante veredicto for defendant this writ of error was sued out.

It will thus be seen the case stands on its own particular facts, and, if the court was right in holding there was no evidence showing retention of the fruits of the transaction by the defendant, error is not established. We have examined the testimony, and are of opinion the court below was clearly right. Its analysis of the facts and the grounds of its conclusion are so thorough and satisfactory that a discussion thereof by this court could be but a repetition.

We content ourselves, therefore, with adopting its opinion and affirming the judgment.